UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| FAYE GU, <br><br>          Plaintiff, <br><br>    vs. <br><br> JOYF CAMPANELLI, <br><br>          Defendant. | 4:25-CV-04175-ECS <br><br><br> OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff Faye Gu filed a pro se lawsuit asserting claims under the Racketeer Influenced and Corrupt Organizations Act (RICO).  Doc 1.  Gu moves for leave to proceed in forma pauperis. [1]  Doc. 2.

I.      **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit.  28 U.S.C. § 1915(a)(1).  "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution."  Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000).  But in forma pauperis status is a privilege, not a right, and "should not be used to abuse the process of the courts."  Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987) (citations

---

[1] On the same day Gu filed a complaint in the District of South Dakota, she filed the same complaint in three in other districts, moving for leave to proceed in forma pauperis in each.  See Gu v. Campanelli, No. 1:25-CV-5085-MLB at Doc. 2 (complaint) and Doc. 1 (IFP motion) (N.D. Ga. Sept. 5, 2025); Gu v. Campanelli, No. 1:25-CV-1451-ADA at Doc. 1 (complaint) and Doc. 2 (IFP motion) (W.D. Tex. Sept. 5, 2025); Gu v. Campanelli, No. 2:25-CV-1360-LA at Doc. 1 (complaint) and Doc. 2 (IFP motion) (E.D. Wis. Sept. 5, 2025).  Filing multiple, frivolous lawsuits can constitute an abuse of the judicial process.  Should Gu continue to file lawsuits in such a way that abuses the judicial process, this Court may seek to impose reasonable restrictions on her ability to file future suits or proceed in forma pauperis.

omitted).  Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court.  Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).  After review of Gu's financial affidavit, this Court finds that she has insufficient funds to pay the filing fee.  Thus, Gu's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II.    1915 Screening

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B).  Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); see also Key v. Does, 217 F. Supp. 3d 1006, 1007–08 (E.D. Ark. 2016).  The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint.  Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995).  Pro se complaints must be liberally construed.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted).  Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions."  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory."  Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988) (citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).  A complaint

"does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted).  If a complaint does not contain these bare essentials, dismissal is appropriate.  See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted).  Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]"  550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)).

Here, Gu's one-page complaint is comprised only of a case caption, a request for $1 billion, a statement that the information contained in the complaint is true and correct, and the following statements:

1. The current owner of the apartment where [Gu] resides is Re/Max, pursuant to an affidavit from former owner Raymond Chan,
2. Defendant conspired with Re/Max and forged multiple documents,
3. This Court has jurisdiction under the RICO Act.

Doc. 1 at 1.  Gu provides no other factual allegations or insight as to the claims she asserts.

Although "pro se complaints are to be construed liberally," the United States Court of Appeals for the Eighth Circuit held that "they still must allege sufficient facts to support the claims advanced."  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The court explained:

When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that

3

permits the layperson's claim to be considered within the proper legal framework. That is quite different, however, from requiring the district court to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.

Id. at 915. Even liberally construed, Gu's complaint fails to "contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993) (quotation omitted). A complaint containing "naked assertions devoid of further factual enhancement[]" will not suffice. Iqbal, 556 U.S. at 678 (citation modified). Thus, Gu's complaint is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to give Gu an opportunity to amend her complaint because it is not clear from her complaint that venue or personal jurisdiction is proper in the District of South Dakota, and, as discussed above, Gu filed the same complaint in multiple jurisdictions on the same day she filed her complaint in the District of South Dakota.

## III.    Conclusion

It is therefore ORDERED:

1.    That Gu's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

2.    That Gu's complaint, Doc. 1, is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED April 30, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

4